FILED'10 JUN 29 13:13USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| GINA PINHEIRO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 08-1406-JO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| Defendant. | ) | |

Tim D. Wilborn
WILBORN LAW OFFICE, P.C.
P. O. Box 2768
Oregon City, OR 97045

   Attorney for Plaintiff

Kathryn Ann Miller
SOCIAL SECURITY ADMINISTRATION
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104

Adrian L. Brown
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

    Attorneys for Defendant

JONES, Judge:

On February 11, 2010, this court entered an Opinion and Order reversing the Commissioner's decision to deny claimant's applications for disability insurance benefits and supplemental security income benefits and remanding the case for further administrative proceedings. The case is now before the court on claimant's application (# 24) for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 et seq. As explained below, claimant's application is allowed.

## DISCUSSION

Claimant seeks reimbursement of attorney fees in the sum of $7,828.31 for 45.45 hours at the EAJA inflation adjusted rate of $172.24 per hour. The Commissioner does not challenge the hourly rate, but opposes claimant's application for attorney fees on two grounds. First, the Commissioner argues that the government's position was "substantially justified," precluding any award of fees. 28 U.S.C. § 2412(d)(1)(A). Second, the Commissioner contends that the hours incurred, 45.45, are excessive.

With respect to claimant's entitlement to fees, the Commissioner has the burden of establishing that its position was substantially justified, but also is correct that the mere fact that this court reversed and remanded this case for further proceedings "does not raise a presumption that [the government's] position was not substantially justified." Kali v. Bowen, 854 F.2d 329,

334 (9th Cir. 1988). Notably, this court affirmed the Commissioner on all issues raised but one, suggesting that his position was, in a general sense, substantially justified.

As the Commissioner also acknowledges, however, the Ninth Circuit has explained that the proper inquiry in determining substantial justification focuses on issues actually adjudicated that served as a basis for remand. See Defendant's Response to Plaintiff's Motion for Attorney Fees, p. 3 (citing Hardisty v. Astrue, 592 F.3d 1072, 1079 (9th Cir. 2010)). In this case, the issue that served as the basis for remand was the vocational expert's ("VE") ambiguous testimony concerning the effect of claimant's mental limitations on her ability to sustain work, particularly a "marked" limitation in her ability to respond to work pressures. See Opinion and Order (Feb. 11, 2010), pp. 5-7. The VE's ambiguous testimony, which included an acknowledgment that she had insufficient information to "give any kind of clear testimony," did not provide substantial evidence on which to rest a vocational decision. See Opinion and Order, p. 6.

I have considered the parties' arguments on this issue, and conclude that with respect to the finding at step 5 of the sequential evaluation, the Commissioner's decision to overlook the VE's ambiguous answers was not substantially justified in law and fact. Consequently, claimant is entitled to an award of fees.

As for the number of hours expended, the Commissioner has not challenged any specific time entries in this case; instead, he merely points to other cases in other courts in which the total number of hours was deemed unreasonable and reduced. That is not sufficient to inform this

court of what, specifically, the Commissioner considers to be excessive or unreasonable in claimant's request in this case. I have reviewed claimant's submissions, and find the hours incurred to be reasonable. I therefore award the full amount of her request, $7,828.31.

IT IS SO ORDERED.

DATED this 20th day of June, 2010.

ROBERT E. JONES
U.S. District Judge

4 - OPINION AND ORDER